IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLEMENT OUEDRAOGO, and similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA GAS COMPANY, and all other affiliated entities and/or joint employers, JOHN DOE CORPORATIONS, BILA JASWAL, individually, IRFAN HASSAN, individually, and JOHN DOES, individually,<br><br>Defendants. | AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>Civil Case No.: 2:18-cv-12819-SDW-CLW<br><br>Jury Trial Demanded |

Named Plaintiff CLEMENT OUEDRAOGO ("Ouedraogo" or "Plaintiff") on behalf of himself and all others similarly situated, by and through her attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Amended Collective and Class Action Complaint against Defendants DELTA GAS COMPANY, and all other affiliated entities and/or joint employers, JOHN DOE CORPORATIONS, ("Delta Gas" or Defendants) BILA JASWAL, individually, IRFAN HASSAN, individually, and JOHN DOES, individually, ("Delta Gas individual Defendants") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. Named Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Named Plaintiff brings this lawsuit against Defendants as a collective action on behalf of

himself and all other persons similarly situated – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and as a class action pursuant to Rule 23.

3. Beginning in approximately 2015, and continuing through January 2018, Defendants engaged in a policy and practice of requiring Named Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing the minimum wage, and overtime compensation as required by applicable federal and New Jersey state law.

4. The Named Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover the minimum wage, and overtime compensation that Plaintiff and similarly situated employees were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Named Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Named Plaintiff performed non-exempt gas station and food mart duties for the Defendants in New Jersey and based from one of Defendants' many locations in Essex County, New Jersey. Defendants are

therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendants were and remain enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage gas stations and food marts, which purchase materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Named Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Further the Named Plaintiff regularly processed credit cards and communicated with other vendors out of the State of New Jersey. Thus, Named Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Named Plaintiff Ouedraogo is an adult individual who is a resident of East Orange, New Jersey.

11. Named Plaintiff Ouedraogo was employed by Defendants full time as a gas station and food mart worker, performing duties in furtherance of Defendants' business, specifically, filling cars with gas and accepting payments for same from customers, paying some vendors for materials, accepting money and credit cards for gas from customers, cash register responsibilities, selling lottery tickets, and stocking food on the shelves, from in or about 2015, through in or about January 2018.

12. Plaintiff Ouedraogo worked in Defendants' East Orange location.

**Corporate Defendants**

13. Delta Gas is a New Jersey corporation, with one of their offices located at 51 Main Street, East Orange, New Jersey 07018.

14. Upon information and belief, and at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendants**

15. Upon information and belief, Individual Defendant Bila Jaswal is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bila Jaswal has been an owner, partner, officer and/or manager of the Defendant Delta Gas.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Bila Jaswal has had power over personnel decisions at the Defendant Delta Gas' business.

18. Defendant Bila Jaswal was regularly present at Delta Gas, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

19. Upon information and belief, Individual Defendant Irfan Hassan is a New Jersey state resident.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant Irfan Hassan has been an owner, partner, officer and/or manager of the Defendant Delta Gas.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Irfan Hassan has had power over personnel decisions at the Defendant Delta Gas'

business.

22. Defendant Irfan Hassan was regularly present at Delta Gas, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

23. Upon information and belief, Individual Defendants John Does are New Jersey state residents.

24. Upon information and belief, at all times relevant to this Complaint, individual Defendants John Does have been an owner, partner, officer and/or manager of the Defendant Delta Gas.

25. Upon information and belief, and at all times relevant to this Complaint, individual Defendants John Does have had power over personnel decisions at the Defendant Gas' business.

26. Defendants John Does were regularly present at Delta Gas, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

27. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

28. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## CLASS AND COLLECTIVE ALLEGATIONS

29. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

5

30. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

31. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to provide the minimum wage, and overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

32. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

33. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees the minimum wage, and all earned overtime wages. The Named Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

34. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' gas stations and Food Marts.

35. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack

the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

37. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

38. Plaintiffs' claims under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

39. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

40. Based upon the information preliminarily available, and subject to discovery, beginning in approximately 2015, and continuing to the present, Defendants employed the Named Plaintiff and members of the putative class to perform tasks in furtherance of their gas stations and food marts business.

41. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Named Plaintiff and similarly situated employees, at the minimum wage, and for overtime hours worked in a work week.

42. The majority of Named Plaintiff's time at work, included, but was not limited to, regularly processing credit cards and communicated with other vendors out of the State of New Jersey, filling cars with gas, selling food in the food mart, paying vendors for gas as well as food, stocking the shelves at the food mart, and working the register at the food mart.

43. Named Plaintiff Ouedraogo was generally paid a salary of $540.00 per week, however, this

amount varied occasionally.

44. Named Plaintiff agreed to work for $7.50 per hour, but since he needed the job and money, and in spite of what he was being paid, continued to work for Defendants receiving much less than he agreed to and was owed to him.

45. Named Plaintiff Ouedraogo routinely worked seven (7) days per week.

46. Named Plaintiff worked approximately eighty-four (84) hours per week.

47. Named Plaintiff rarely, if ever, worked less than eighty-four (84) hours in a workweek.

48. Named Plaintiff was not paid at the minimum wage rate.

49. Named Plaintiff was not paid time and one half for his hours over forty (40) in a workweek.

50. Upon information and belief, employees similarly situated to Named Plaintiff were not compensated at the minimum wage rate.

51. Upon information and belief, employees similarly situated to Named Plaintiff were not compensated for hours over forty (40) hours per week, regardless of the number of hours that they worked each and every workweek.

52. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

53. At all times material hereto, Named Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

54. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated

employees compensation to which they were lawfully entitled at the minimum wage rate, as well as for all of the hours worked in excess of forty(40) within a work week.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

55. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

56. Named Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

57. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

58. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

59. By reason of the said intentional, willful, and unlawful acts of Defendants, Named Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

60. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

61. As a result of Defendants' willful violations of the Act, Named Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

62. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained in

Paragraphs above.

63. Defendants' aforementioned conduct is in violation of the NJWHL.  In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Named Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

64. As a direct and proximate cause of Defendants' actions, Named Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE FLSA

65. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

66. Plaintiff is entitled to be paid at the statutory minimum wage for each hour worked up to forty (40) hours in a work week.

67. All similarly situated employees of the Defendants did not receive and are also entitled to be paid at the statutory minimum wage for each and every hour they worked to forty (40) hours per week.

68. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated to them, the correct minimum wage for their hours worked to forty (40) in a work week.

69. By reason of the said intentional, willful, and unlawful acts of the Defendants Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

10

70. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages, as well as a third year of damages.

## COUNT IV
### RECOVERY OF MINIMUM WAGE COMPENSATION PURSUANT TO THE NJWHL

71. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs.

72. Plaintiff is entitled to be paid and owed additional compensation at the correct minimum wage for each of his hours worked up to forty (40) in a work week.

73. All similarly situated employees of the Defendants are also owed their statutory minimum wages for each and every hour they worked to forty (40) in a work week.

74. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated to them, the minimum wage for their hours worked to forty (40) in a work week.

75. By reason of the said intentional, willful, and unlawful acts of the Defendants Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

76. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages, as well as a third year of damages.

## **JURY TRIAL**

77. Named Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Named Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid

wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(3) on their third cause of action, in the amount to be determined at trial, plus interest, attorneys' fees and costs;

(4) on their fourth cause of action, in the amount to be determined at trial, plus interest, attorneys' fees and costs; and

(5) such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: July 26, 2019            Respectfully submitted,

/s/ Andrew I. Glenn
Andrew I. Glenn
Email: Aglenn@jaffeglenn.com New
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Named Plaintiff and the Putative Class*